# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Criminal Action No.: 3:18-cr-00624-JMC |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Dayquan Phillips, | ) |
| Defendant. | ) |

This matter is before the court for review of Defendant Dayquan Phillips' ("Phillips") Motion to Dismiss Counts 3, 6, 9, and 12, which was filed on January 22, 2019. (ECF No. 45.) The United States of America ("the Government") responded in opposition to Phillips' Motion on February 13, 2019. (ECF No. 53.) For the reasons stated herein, the court **DENIES** Phillips' Motion to Dismiss Counts 3, 6, 9, and 12 (ECF No. 45).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2018, a confidential informant ("CI") working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") "conducted a controlled purchase of cocaine and a pistol" from Phillips. (ECF No. 1-1 at 2 ¶ 5.) Using Facebook Messenger, Phillips allegedly "told the CI" that he had *both a pistol and cocaine* to sell. (*Id.* at 2 ¶ 6.) During the controlled buy, the CI successfully purchased "[a]pproximately 64 gross grams of marijuana," "[a]pproximately 2.5 gross grams of cocaine," "[a] black Taurus PT111 G2," "[a] magazine for the Taurus PT111 G2," and "[a] holster for the pistol." (*Id.* at 3 ¶ 12.) Additional controlled buys were purportedly conducted by the CI on May 11, 2018, and May 17, 2018, respectively. (*Id.* at 2 n.1.) As it relates to the second controlled buy on May 11, 2018, prior to the sale, the CI arranged to purchase

1

additional drugs, along with a firearm, from Phillips. (ECF No. 53 at 3.) The CI ultimately obtained "approximately 28 grams of cocaine and a Rossi .357 Magnum pistol" from Phillips. (*Id.*) On May 17, 2018, after prior communications with Phillips, the CI purchased "approximately 2.014 oz. of cocaine and a Bersa pistol" from Phillips. (ECF No. 53 at 3.) These three controlled buys represent Counts three (3), six (6), and nine (9) of the Indictment. (ECF No. 4 at 2, 4–5.)

On May 25, 2018, the CI conducted a fourth controlled buy from Phillips. Before the controlled buy, Phillips advised the CI that he "had an AK-47, Mac-10 pistol, and a .380 pistol" for sale. (ECF No. 1-1 at 3 ¶ 16.) Allegedly, Phillips would also sell "two ounces of cocaine" to the CI. (*Id.*) The CI and Phillips met at a predetermined location, however, during the buy, the monitoring officers believed that the CI "was being robbed" and entered the scene for "safety purposes." (*Id.* at 4 ¶ 20–22.) The officers detained all individuals at the scene. (*Id.* at 4 at 22.) After obtaining a search warrant from a state magistrate judge, law enforcement conducted a search of the residence where the buy supposedly occurred. (*Id.* at 4 ¶ 25.) Prior to the search, Phillips was allegedly provided *Miranda* warnings, which he understood and waived. (*Id.* at 4 ¶ 26.) Phillips stated that the CI planned to fake a robbery and wanted it to appear as if he, Phillips, was robbing the CI for money, and they would later split the proceeds. (*Id.* at 4–5 ¶¶ 26, 29, 30.) The CI also requested Phillips to discard his phone. (*Id.* at 4 ¶ 26.) During the search of the residence, law enforcement found the CI's money and a Jimenez pistol. (*Id.* at 4 ¶ 27.) When searching a black Audi on the scene, law enforcement found "two plastic bags containing a white powdery substance believed to be cocaine" and "a glass jar containing a green plant material believed to be marijuana." (*Id.* at 4 ¶ 28.) Phillips advised law enforcement that he planned to sell the Jimenez pistol to the CI. (*Id.* at 4 ¶ 31.) Arrest warrants were served upon Phillips on this same day. (*Id.* at 4 ¶ 33.) This event represents Count twelve (12) of the Indictment. (ECF No. 4 at 7.)

On June 20, 2018, a federal grand jury indicted Phillips on twelve (12) different counts. (*Id.* at 1–7.) Within the grand jury's Indictment, Counts three (3), six (6), nine (9), and twelve (12) all allege that Phillips, on different dates, "knowingly did carry a firearm during and in relation to, and did possess a firearm, in furtherance of a drug trafficking crime . . . ." (*Id.* at 2–7.) Each of these respective Counts allege that Phillips violated 18 U.S.C. § 924(c)(1), a federal statute which prohibits the use of a firearm during a drug trafficking crime. (*Id.*) Each count corresponds with the respective controlled buys conducted by the CI. (*Id.*; ECF No. 1-1.) On July 30, 2018, Phillips entered a not guilty plea concerning the charges. (ECF No. 17.)

Phillips filed his Motion to Dismiss Counts 3, 6, 9, and 12 on January 22, 2019. (ECF No. 45.) Phillips does not challenge any other counts within the Indictment. (*See id.*) Phillips argues that Counts 3, 6, 9, and 12 are "legally deficient because there is no evidence to support the conclusion that he possessed a firearm on those occasions in connection with drug activity." (*Id.* at 2.) Additionally, Phillips maintains that the Government cannot demonstrate that his possession of a firearm "furthered, advanced[,] or helped [] the drug trafficking crime." (*Id.* at 2–3.) Phillips also submits that "the alleged possession[] of the weapons were as a result of the specific request of the informant, and not to further a drug trafficking crime." (*Id.* at 3.) Phillips relies upon a portion of *United States v. Lipford*, 203 F.3d 259, 268 n.8 (4th Cir. 2000), for the proposition that "the request of the informant" for the firearms could not further the drug trafficking crime. (*Id.* at 4.)

The Government replied in opposition to Phillips on February 13, 2019. (ECF No. 53.) The Government contends that "the sale of the firearms furthered the drug trafficking offense" because they were part of "the same sale" with the drugs. (*Id.* at 5–6.) According to the Government, "the presence of the firearms was both essential and necessary" to the sales at issue, and the firearms

3

"were part of the negotiations, price, and ultimate transaction." (*Id.* at 6.) The Government further argues that Phillips' possession of the weapons, which Phillips submits he solely possessed at the informant's request, is a factual disagreement, which is insufficient to carry his Motion under Rule 12 of the Federal Rules of Criminal Procedure. (*Id.* at 7.) Lastly, the Government maintains that Phillips' reliance upon *Lipford*'s footnote is misplaced because the United States Court of Appeals for the Fourth Circuit specifically rejected an argument from the Government that espoused the fulfillment of the "in relation to" requirement when *a buyer could be* influenced by a firearm's availability, and the *Lipford* court was more concerned about *the perspective of the seller* when firearms are involved. (*Id.* at 7–8 (citing *Lipford*, 203 F.3d at 267).) The Government requests the court to deny Phillips' Motion. (*Id.* at 8.)

The court heard arguments concerning Phillips' Motion on February 27, 2019. (ECF No. 55.) Phillips presented arguments about the "in relation to" requirement of 18 U.S.C. § 924(c)(1), while the Government emphasized that the Indictment is sufficient to withstand Phillip's Motion to Dismiss under Rule 12. Because this matter has been fully briefed and argued by the parties, it is ripe for the court's decision and review. *See United States v. Hooks*, No. 2:14–cr–00644–DCN–1, 2015 WL 1810896, at *1 (D.S.C. Apr. 21, 2015) ("This matter has been fully briefed and is ripe for the court's review."); *United States v. Warncke*, No. 2:11–cr–02206–DCN, 2013 WL 6490186, at *2 (D.S.C. Dec. 10, 2013) (stating that a motion to dismiss an indictment was "fully briefed and [] ripe for the court's review").

## II. LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). More specifically, a criminal defendant may move to dismiss an indictment

4

before trial when the indictment "fail[s] to state an offense." FED. R. CRIM. P. 12(b)(3)(B)(iv). Generally, "[a] motion to dismiss an indictment tests whether the indictment sufficiently charges the offense the defendant is accused of committing." *United States v. Vanderhorst*, 2 F. Supp. 3d 792, 795 (D.S.C. 2014) (citing *United States v. Brandon*, 150 F. Supp. 2d 883, 884 (E.D. Va. 2001)). *See also United States v. Sampson*, 371 U.S. 75, 78–79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."). In other words, "to survive a motion to dismiss sought pursuant to Rule 12, an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F. Supp. 2d 599, 602 (E.D. Va. 2010) (citing *United States v. Shabbir*, 64 F. Supp. 2d 479, 481 (D. Md. 1999)).

When "there is an infirmity of law in the prosecution," a federal district court may dismiss an indictment under Rule 12, however, a federal district court may not dismiss an indictment "on a determination of facts that should [be] developed at trial." *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (quoting *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010)). A motion to dismiss a count before trial, which challenges the sufficiency of an indictment, "is ordinarily limited to the allegations contained within the indictment." *Id.* (citation omitted). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F. Supp. 389, 395 (D. Md. 1991) (citations omitted). A federal district court "lacks authority to review the sufficiency of evidence supporting an indictment, even when a mistake was mistakenly made." *United States v. Wills*, 346 F.3d 476, 488 (4th Cir. 2003) (citations omitted). Thus, "to warrant dismissal of an indictment, a defendant must demonstrate that the allegations contained in the

5

indictment, even if true, fail to state an offense." *Vanderhorst*, 2 F. Supp. 3d at 796 (citations omitted).

### III. DISCUSSION

In his Motion, Phillips argues that "Counts 3, 6, 9, and 12 are legally deficient because there is no evidence to support the conclusion that he possessed a firearm on those occasions in connection to drug activity." (ECF No. 45 at 2.) He further states that "[i]f there is no evidence that [he] possessed a firearm in connection to drug activity, a jury could not possibly conclude that he possessed a firearm in furtherance of a drug trafficking crime." (*Id.*) Essentially, Phillips vigorously maintains that the Government cannot prove a violation of 18 U.S.C. § 924(c)(1), the current charges at issue, because it cannot show that the weapon "furthered, advanced[,] or helped" the drug trafficking crime. (*Id.* at 2–4.)

> In part, Title 18 of the United States Code punishes:
>
> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . .

18 U.S.C. § 924(c)(1). In order to prove a violation under 18 U.S.C. § 924(c)(1), the Government must prove that a criminal defendant "(1) [] used or carried a firearm (2) during and in relation to (3) a drug trafficking offense." *Lipford*, 203 F.3d at 265–66. *See also United States v. Torres*, 319 F. App'x 220, 221 (4th Cir. 2009) ("To prove a violation of § 924(c)(1)[,] the Government must establish: 1) that the [d]efendant committed a crime of violence or drug trafficking offense; 2) that during the commission of that offense the [d]efendant knowingly either used or carried a firearm, or possessed a firearm; and 3) that the [d]efendant either used or carried the firearm 'in relation to,' or possessed the firearm 'in furtherance of' the drug trafficking offense." (citing 18 U.S.C. §

6

924(c)(1))); *United States v. Savoy*, 315 F. App'x 464, 469 (4th Cir. 2009) ("To establish a violation 18 U.S.C. § 924(c)(1), 'the Government [must] prove: (1) [the defendant] used or carried a firearm (2) during and in relation to (3) a drug trafficking offense.'" (citing *Lipford*, 203 F.3d at 265–66)); *United States v. Stephens*, 482 F.3d 669, 673 (4th Cir. 2007) ("To establish a violation of 18 U.S.C. § 924(c)(1), the [G]overnment must prove that the defendant used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime." (citing *Lipford*, 203 F.3d at 265–66)). At trial, the Government must prove that a defendant used a firearm in relation to a drug trafficking offense beyond a reasonable doubt. *See Savoy*, 315 F. App'x at 469.

Pursuant to Rule 12, under which Phillips moves to dismiss the Indictment, the court is limited to examining the allegations within the Indictment. *See Engle*, 676 F.3d at 415. The Indictment must sufficiently include the required elements of the charged offenses. *Lang*, 766 F. Supp. at 395. As stated above, a conviction under 18 U.S.C. § 924(c)(1) requires the Government to show that Phillips "(1) [] used or carried a firearm (2) during and in relation to (3) a drug trafficking offense." *Lipford*, 203 F.3d at 265–66. Turning to the Government's Indictment, Counts 3, 6, 9, and 12 all allege the following: "Dayquan Phillips, knowingly *did carry a firearm during and in relation to*, and *did possess a firearm*, *in furtherance of a drug trafficking crime*, as charged in [the previous Count]." (ECF No. 4 at 2–7 (emphasis added).) Here, the language for Counts 3, 6, 9, and 12 specifically state that Phillips "knowingly *did carry a firearm . . . and did possess a firearm*," on four different dates, which satisfies § 924(c)(1)'s first element and requirement of "using" or "carrying" a firearm. (*Compare* ECF No. 4 at 2–7, *with Lipford*, 203 F.3d at 265–66.) Additionally, the Indictment specifically alleges that the firearms at issue were "during and in relation to . . . a drug trafficking crime," thereby satisfying the final two elements of § 924(c)(1).

7

(*Compare* ECF No. 4 at 2–7, *with Lipford*, 203 F.3d at 265–66.) The language within the Indictment essentially tracks the elements delineated by the *Lipford* court verbatim. (*Compare* ECF No. 4 at 2–7, *with Lipford*, 203 F.3d at 265–66.) Most noticeably, Phillips does not state that the Indictment fails to state an offense or *that the alleged offense, if proven true, would fail to state an offense*. (*See* ECF No. 45 at 2–4.) For these reasons, because it states the required offense under § 924(c)(1), the Indictment is more than sufficient to withstand Phillips' Motion to Dismiss. *See Vanderhorst*, 2 F. Supp. 3d at 796; *Hasan*, 747 F. Supp. 2d at 602.

Phillips argues that the Government cannot prove that his possession of the firearms "furthered, advanced[,] or helped" the drug trafficking crime. (ECF No. 45 at 2.) Specifically, Phillips contends that the weapons "were . . . a result of the specific request of the informant." (*Id.* at 3.) Phillips' argument is premature at this juncture of the case. When deciding whether to dismiss an indictment, the court "lacks authority to review the sufficiency of evidence supporting an indictment, even when a mistake was mistakenly made." *Wills*, 346 F.3d at 488. *Regardless of where the firearms originated or who requested to purchase the firearms*, the court is precluded from considering the underlying evidence of the Indictment in its assessment of the Indictment's sufficiency. *See Wills*, 346 F.3d at 488. Thus, the court is compelled to deny Phillips' Motion.

To the extent that Phillips relies upon *Lipford*, he is misguided. In *Lipford*, the Fourth Circuit reversed a federal district court's judgment of acquittal for a defendant under 18 U.S.C. § 924(c)(1). 203 F.3d at 265–68. The *Lipford* court held that the "in relation to" requirement was satisfied when a handgun "had at least the potential of attracting" a defendant into making the sale of drugs. *Id.* at 267. In that case, a confidential informant "made clear that he intended to purchase a firearm at some point" and "repeatedly requested that [the defendant] sell him both drugs and a firearm." *Id.* The Fourth Circuit stressed that the conversations between the confidential informant

and the defendant "concerned the sale of both drugs and firearms." *Id.* at 268. Given that the current facts indicate at least three controlled buys and conversations involving Phillips *for both firearms and drugs*, *Lipford* is of little aid to Phillips at this stage of the proceedings. *Id.* at 266–67. Moreover, Phillips' reliance upon a footnote within *Lipford* is problematic, at best, because the *Lipford* court expressly rejected the Government's position that "the sale of a firearm *always* has the potential to facilitate the sale of drugs because *a buyer might be more apt* to purchase drugs from a drug source if he knows that he can also obtain a firearm from that source." *Id.* at 266 (emphasis added). In disapproving of the Government's position, the Fourth Circuit emphasized that the crucial inquiry is the standpoint of the drug seller and whether "the gun transaction had at least the potential of attracting [a defendant] . . . and . . . at least the potential of facilitating the drug transaction at issue." *Id.* at 268. In other words, especially because they are not always the individuals facing trial, the standpoint of the buyer of drugs is essentially inapposite under *Lipford*. Lastly, but perhaps most importantly, *Lipford* did not concern a motion to dismiss an indictment, but only addressed the "in relation to" requirement after a federal district court improperly *granted a judgment of acquittal following a jury's verdict and the presentation of evidence*. *See id.* at 263–68. Nothing within *Lipford* provided implications for *dismissing an indictment* against a defendant as it relates to the "in relation to" requirement. *See id*. For these reasons, Phillips' reliance upon *Lipford* and emphasis on the perspective of the Government's CI is simply misplaced at this early stage of the proceedings.

## IV. CONLUSION

Upon careful consideration of Phillips' Motion, the Government's Response, and the parties' arguments at the hearing, the court **DENIES** Phillips' Motion to Dismiss Counts 3, 6, 9, and 12 (ECF No. 45).

**IT IS SO ORDERED.**

*[Signature: J. Michelle Childs]*
United States District Judge

March 25, 2019
Columbia, South Carolina